PER CURIAM.
REVERSED. We agree with appellants that the trial court erred in reinstituting a settlement agreement between the parties that the court had previously invalidated.
This appeal arises out of a claim alleging medical malpractice against the appellees. Appellants entered into a settlement agreement with appellees Victor Siegel, M.D. and Victor Siegel, M.D., P.A. (Dr. Siegel), on July 8, 1993. The next day appellants deposed Dr. Sweet, an expert witness of the remaining codefendant/appellee Dr. Fox. Appellants had been assured by Dr. Siegel, prior to entering into the settlement agreement, that Dr. Sweet believed Dr. Siegel had not been negligent in his treatment of plaintiff/appellant Alexandra McCabe. However, during the deposition Dr. Sweet opined Dr. Siegel had been negligent in his care of Alexandra McCabe.
Appellants moved to have the settlement agreement set aside on the ground they were *571 misinformed by Dr. Siegel regarding Dr. Sweet’s opinion, and that, but for this misinformation, they would not have contracted to settle their claim against him. The trial court, after conducting an appropriate hearing, agreed with appellants and entered an order invalidating the settlement agreement between the parties. That order has not been appealed or otherwise challenged by the parties.
Appellants subsequently moved to strike or limit Dr. Sweet’s testimony at trial based upon the same misrepresentations discussed above. The trial court granted the motion by order dated September 15, 1993. Dr. Siegel then filed a motion to reinstitute the settlement agreement, alleging the parties, by reason of the September 15th order, were now effectively in the same position they were in when they executed the original settlement agreement. By limiting Dr. Sweet’s testimony, Dr. Siegel asserted, the parties were in the same position as if his earlier “misrepresentation” had not been false at all. The trial court agreed and granted the motion to reinstate the settlement agreement.
We do not believe the voided settlement agreement could be resuscitated simply because the appellants subsequently sought additional relief. The trial court set aside the settlement agreement because it found there had been a critical misrepresentation by one of the parties that prevented the parties from having a true “meeting of the minds.” The court found the appellants would not have agreed to the settlement but for the critical misrepresentation. This finding remains unchallenged. The question of the entitlement to additional relief predicated upon the misrepresentation is entirely separate from the issue of whether a valid settlement agreement was reached. Once the agreement was found to be invalid, it was gone and could not be resurrected simply because the effects of the misrepresentation could also be ameliorated by other means.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.